GUIDRY, Justice,
concurs and assigns additional reasons.
U respectfully concur in the majority’s opinion imposing disbarment. I write separately to set forth my view on the issue raised by the respondent regarding the appropriate jurisdiction of this court and the disciplinary agency. I disagree with the respondent’s argument that he cannot be disciplined as a lawyer for misconduct considered by the court in his judicial discipline proceeding simply because the court did not specifically reserve to the disciplinary agency a right to pursue lawyer discipline against the respondent.
As the majority notes, Supreme Court Rule XIX, § 6(B) regarding former judges refers to the misconduct that was the subject of the judicial discipline proceeding, stating “[t]his jurisdiction of the agency should not be exercised if the misconduct was the subject of a judicial disciplinary proceeding in which there has been a final determination by the court, unless the court reserved to the agency the right to pursue lawyer discipline in accordance with this subsection.” It is significant that our rule uses the permissive limitation “should not be exercised” rather than the mandatory prohibition “shall not be exercised.” In my view, the rule does not present a complete jurisdictional bar to lawyer discipline of a former judge; instead, it sets forth the policy of this court that nonetheless yields to the disciplinary agency some measure of discretion in deciding whether to pursue lawyer discipline in the absence of a specific reservation to that effect by the court in the judicial discipline | ^proceeding. In other words, as a matter of policy, while the disciplinary agency ordinarily declines to pursue lawyer discipline charges in the absence of a reservation of rights, the agency is not divested of jurisdiction to consider such charges should it wish to do so. This is particularly appropriate in cases where additional facts (such as subsequent criminal charges) develop after the court has rendered its decision of judicial discipline.
Furthermore, if we were to view Supreme Court Rule XIX, § 6(B) as jurisdictional in nature, such an interpretation could run afoul of La. Const, art. V, § 25(D), which provides:
Other Disciplinary Action. Action against a judge under this Section shall not preclude disciplinary action against him concerning his license to practice law.
By using the mandatory term “shall,” our constitution makes it clear that imposition of discipline upon a judge does not preclude a lawyer disciplinary action against him. Thus, I do not interpret Supreme Court Rule XIX, § 6(B) as creating — in the absence of a reservation of rights to the disciplinary agency — an across-the-board jurisdictional impediment to the imposition of lawyer discipline upon a removed judge.